UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-64287-BEM |
| | ) | |
| GREEN MOUNTAIN MANAGEMENT, LLC et al,[1] | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | JUDGE BARBARA ELLIS-MONRO |
| _____ | ) | |
| | ) | |
| GREEN MOUNTAIN AGGREGATES, LLC AND DANIEL B. COWART, | ) | ADVERSARY PROCEEDING NO. 15-_____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREEN MOUNTAIN MANAGEMENT, LLC AND GEORGIA FLATTOP PARTNERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1334, 1446 and 1452 and Rule 9027 of the

---

[1] The last four digits of the employer identification number for each of the Debtors follow in parenthesis: (i) Green Mountain Management, LLC (0734) and (ii) Georgia Flattop Partners, LLC ("Flattop") (3208). The Debtors' mailing address is 3740 Davinci Court, Suite 460, Norcross, Georgia 30092.

Federal Rules of Bankruptcy Procedure, you are hereby notified that Defendants Green Mountain Management, LLC ("GMM") and Georgia Flattop Partners, LLC ("GFP") are removing this civil action from the Superior Court of Gwinnett County, State of Georgia, to the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, and in support thereof show this Court the following:

## I. BACKGROUND

1.  On July 25, 2014, GMM filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta, Division, Case No. 14-64287-BEM (the "GMM Bankruptcy Case") and GFP filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta, Division, Case No. 14-64286-BEM (the "GFP Bankruptcy Case"). The GMM Bankruptcy Case and the GFP Bankruptcy Case are jointly administered under the GMM Bankruptcy Case

2.  Plaintiff filed a Complaint against GMM on June 29, 2015, in the Superior Court of Gwinnett County, State of Georgia, Civil Action No. 15A 06899-10, and styled "*Green Mountain Aggregates, LLC v. Green Mountain*

*Management, LLC and Georgia Flattop Partners, LLC*" (the "Superior Court Action").

3. True and correct copies of all process, pleadings and orders received by GMM and GFP in the Superior Court Action are attached hereto as <u>Exhibit A</u>.

4. GMM and GFP were served with summons and a copy of the Complaint in the Superior Court Action on June 29, 2015. Thus, this Notice of Removal is filed within 30 days after receipt by GMM and GFP, through service or otherwise, of the Complaint setting forth the claim for relief upon which this action is based, and, therefore, it is timely within the provisions of 28 U.S.C. §1446(b).

5. The claim asserted by GMA in its Complaint arises from a dispute between GMA and GMM regarding GMM's rights with respect to rock crushing and sales on certain real property that GMM leases from the Solid Waste Disposal Authority of the City of Adamsville, Alabama (the "Rock Rights").

6. In its Complaint, GMA seeks a declaratory judgment that "GMA owns the Rock Rights free and clear." (Compl. ¶ 52.)

## II. VENUE

7. Removal to the United States Bankruptcy Court for the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027(a)(3) because the Superior Court Action is pending in Gwinnett County, Georgia, which sits in the Northern District of Georgia.

## III.    GROUNDS FOR REMOVAL

8. The Superior Court Action arises in and relates to the Bankruptcy pursuant to U.S.C. § 1334. District courts have jurisdiction over all proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *see Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n. 5 (1995) (noting that a debtor's cause of action that is property of the estate under 11 U.S.C. § 541 provides the basis for "related to" jurisdiction). This Court has authority to hear such matters pursuant to 28 U.S.C. § 157(a). In addition, the Court in which a bankruptcy case is pending has jurisdiction over all property of the debtor and estate, wherever located. 28 U.S.C. § 1334(e).

9. Pursuant to 11 U.S.C. § 1107, the right and responsibility to take control over the property of the bankruptcy estate, including the Rock Rights, is vested in GMM as a debtor in possession.

10. The Superior Court Action directly impacts property of the estate, which is subject to the exclusive jurisdiction of the Bankruptcy Court under 28 U.S.C. § 1334(e).

11. Through the Superior Court Action, GMA is interfering with GMM's rights and responsibilities with respect to the Rock Rights, which constitute property belonging to GMM's bankruptcy estate.

12. The outcome of the Superior Court Action could significantly alter GMM's interest in the Rock Rights, and consequently, the administration of GMM's estate. Therefore, this Court has jurisdiction over the Superior Court Action pursuant to 28 U.S.C. §§ 1334, as a matter both arising in and related to a case under Title 11.

13. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), matters concerning the administration of the estate, and (O), other matters affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship. To the extent this action is considered a non-core matter, GMM and GFP consent to the Bankruptcy Court making a final determination of the merits and issues.

14. Finally, if the Court deems that some but not all of GMA's claims arise in or relate to the Bankruptcy under 28 U.S.C. § 1334, it has ancillary jurisdiction over the remaining claims under 28 U.S.C. § 1367 because all of GMA's claims arise from a common nucleus of operative fact.

### IV. NOTICE TO GMA AND SUPERIOR COURT

22. Pursuant to 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(c), a copy of the Notice of Removal has been sent to all adverse parties and will be promptly filed with the Superior Court of Gwinnett County, Georgia, to effect removal of the Superior Court Action pursuant to this Court.

WHEREFORE, having met all of the requirements for removal, Defendants hereby give notice of its removal of the Superior Court Action to the United States Bankruptcy Court for the Northern District of Georgia.

This 9th day of July, 2015.

/s/ Richard B. Herzog, Jr.
Richard B. Herzog, Jr.
Georgia Bar No. 349508
Gregory M. Taube
Georgia Bar No. 699166

Attorney for Defendant
Green Mountain Management, LLC and
Georgia Flattop Partners, LLC

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
richard.herzog@nelsonmullins.com
greg.taube@nelsonmullins.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing *NOTICE OF REMOVAL* by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

John Da Grosa Smith
Smith LLC
1320 Ellsworth Industrial Boulevard
Suite A1000
Atlanta, GA 30318

This 9th day of July, 2015.

/s/ Richard B. Herzog, Jr.
Richard B. Herzog, Jr.
Georgia Bar No. 349508
Gregory M. Taube
Georgia Bar. No. 699166

Attorney for Defendant
Green Mountain Management, LLC and
Georgia Flattop Partners, LLC

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
richard.herzog@nelsonmullins.com
greg.taube@nelsonmullins.com